500 P.2d 313

Tony H. SOTO, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Duval Corporation, Respondent Employer,

Duval Corporation, Respondent Carrier.

No. 1 CA–IC 710.

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 24, 1972.

Rehearing Denied Sept. 21, 1972.

Review Denied Oct 24, 1972.

Bernard I. Rabinovitz, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent Employer and respondent Carrier.

HAIRE, Chief Judge, Division 1.

In this review by certiorari of an Industrial Commission award, the petitioning employee raises two questions. First, he contends that the denial of his petition to reopen was contrary to the medical evidence, and second, that certain private investigator testimony and photographic evidence should not have been admitted on behalf of the respondent employer.

It would serve no purpose to set forth in detail in this opinion the medical testimony submitted to the hearing officer. We have reviewed the claims file and have read the transcripts of the hearings involved. Suffice it to say that petitioner's medical witnesses presented positive evidence from which the hearing officer and the Commission could have found that petitioner had a "new, additional or previously undiscovered temporary or permanent condition" within the meaning of A.R.S. § 23–1061, subsec. H which would have justified the reopening of his claim. On the other hand, the respondent's medical witness testimony indicates a belief of some malingering by petitioner, and further that the disability problems he does have are

not causally related to the prior industrial injury. In addition, the private investigator evidence also indicates that perhaps petitioner was malingering, although it can be argued that such evidence was consistent with the evidence presented by petitioner's medical witnesses.

Petitioner makes convincing arguments in his brief which would lead the reader to believe that the hearing officer and the Commission should have resolved these factual questions in favor of reopening the claim, and perhaps if we had been the trier of fact, we would have been inclined to do so. However, we are not a factfinding forum. The law imposes that duty and responsibility upon the Commission and its hearing officers, and we will not interfere with their determination, where, as here, there is any evidence supporting the award entered.

Petitioner's second contention concerns evidence admitted at a continued hearing. At the conclusion of the first hearing, the respondent-employer had not introduced any evidence, and requested a continuance because its medical witness was not then available. The hearing was therefore continued. At the continued hearing, the respondent not only introduced testimony from its medical witness, but also, over petitioner's objections, introduced the testimony of a private investigator and motion pictures relating to petitioner's physical activities.

Petitioner first claims that such evidence violates the provisions of Title 15, U.S.C.A. § 1681 et seq. These federal statutory provisions deal with consumer credit investigating and reporting and have absolutely no relevance to the question of the admissibility of evidence in a matter of the nature here involved. Certainly the viewing and filming of petitioner's activities while he was engaged in apparently strenuous mechanical work would be material to the issues involved in his petition for reopening. Although the notice for the continued hearing states under the title "For Medical Testimony", no such limita-

tion was contained in the order granting the continued hearing. Under these circumstances we find no abuse of discretion in the hearing officer's ruling allowing such testimony in evidence.

The award is affirmed.

EUBANK and JACOBSON, JJ., concur.